## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

INTAKE BREATHING
TECHNOLOGY, LLC

        **Plaintiff,**

v.                                                                      **Case No: 6:26-cv-1124-AGM-DCI**

THE INDIVIDUAL PARTNERSHIP
AND UNINCORPORATED
ASSOCIATION IDENTIFIED ON
SCHEDULE "A,"
        **Defendant.**

## ORDER

Several motions are pending before the Court: a motion to seal filed by Plaintiff (Doc. 5, the Motion to Seal); a motion to appear pro hac vice filed by counsel for Non-Party[1] (Doc. 22, the Pro Hac Vice Motion); and Plaintiff's motion to strike the Pro Hac Vice Motion and other "unauthorized filings by non-party" (Doc. 23, the Motion to Strike). The Court noticed a hearing on all three motions for 10:00 AM on June 26, 2026. Doc. 28. At 9:31 AM on the morning of the hearing, Non-Party filed a motion to intervene (Doc. 29, the Motion to Intervene); during the hearing, Plaintiff made an *ore tenus* motion to strike the Motion to Intervene (the Ore Tenus Motion). The Court will provide a summary of the factual background for the motions and the rulings made on the record.

In addition, following the hearing and in response to the Court's rulings on the record, Plaintiff filed a redacted motion for temporary restraining order (Doc. 32), a redacted version of a

---

[1] "Non-Party" refers to 9878866 Canada Inc., which is listed on the docket as an interested party.

declaration in support of that motion (Doc. 32-1), and an unredacted version of that motion and declaration under seal (Docs. 33, 33-1).

## I.    BACKGROUND

On May 20, 2026, Plaintiff filed a complaint raising a trade dress infringement claim against "the Individual Partnership and Unincorporated Association Identified on Schedule 'A'" (the Defendant).  Doc. 1 at 1 (the Complaint).  In the Complaint, Plaintiff seeks to "both preliminarily and permanently" enjoin Defendant from infringing U.S. Patent No. 9,510,969 (Patent '969) and from using Plaintiff's "common law trade dress in connection with the manufacture, distribution, advertising, promotion, offering for sale, and/or sale of Defendant's goods."  *Id.* at 2.  Plaintiff attached several exhibits to the Complaint, including slip sheets for exhibits 3 and 4, which Plaintiff seeks to seal.  *See* Doc. 1-3, 1-4.

On the same day it filed the Complaint, Plaintiff filed the Motion to Seal in which it seeks to seal the following items pursuant to Local Rule 1.11(c): 1) Schedule A, which names Defendant; 2) Exhibit 3 to the Complaint; 3) Exhibit 4 to the Complaint; 4) an *Ex Parte* Motion for Temporary Restraining Order; and 5) the Declaration in Support of Motion for Temporary Restraining Order. Doc. 5 at 1.  Plaintiff represents that a seal "is necessary to prevent Defendant from identifying itself as a defendant in this action and quickly transferring its wrongfully-gained assets outside the Court's jurisdiction before the Court has the opportunity to rule on Plaintiff's request for temporary *ex parte* relief."  Doc. 5 at 1-2.  As to the duration of the seal, Plaintiff proposes that the items "remain under seal until the Court has the opportunity to rule on Plaintiff's request for temporary ex parte relief and, if granted, the relief ordered therein has been effectuated. At that time, all pleadings and orders, will be made publicly available."  *Id.* at 4.

On June 4, 2026, Non-Party filed a response in opposition to the Motion to Seal.  Doc. 19. Non-Party contends that it "has an immediate need to review the documents that [Plaintiff] seeks to keep under seal" because it is involved in litigation with Plaintiff in another district court.  *See* Doc. 19 at 3 (referencing *9878866 Canada Inc. v. Intake Breathing Technology, LLC*, No. 1:25-cv-02443-RBW (D.D.C.)).  Non-Party further represents that, "It will take an indeterminate amount of time before [Plaintiff] produces records . . . in response to requests for production" in the concurrent litigation.  Doc. 19 at 3.  Non-Party also argues that Plaintiff has not demonstrated good cause in support of sealing because: 1) Defendant's identity can be "readily identified" by details in the Complaint; 2) the equitable remedies Plaintiff seeks "cannot support an asset freeze" (*Id.* at 7); and 3) the Complaint is unverified.  *Id.*  While making these arguments, Non-Party reveals the name and address of the entity it believes Plaintiff has listed as the Defendant in Schedule A.  *Id.* at 5.

The response to the Motion to Seal is signed by two attorneys, one admitted to practice in Florida and one, Seth A. Watkins (Attorney Watkins), a non-Florida attorney whose signature includes the following notation: "lead counsel; *motion for special admission* forthcoming."  Doc. 19 at 9 (emphasis in original).  On June 8, 2026, Attorney Watkins filed the opposed Pro Hac Vice Motion seeking admission to appear as lead counsel on behalf of Non-Party.  Doc. 22.

Plaintiff later filed the Motion to Strike directed to several "unauthorized filings" made by Non-Party.  Doc. 23.  Specifically, Plaintiff seeks to strike: Attorney Paul Bianco's Notice of Appearance (Doc. 18); Non-Party's response to the Motion to Seal (Doc. 19); Non-Party's Certificate of Compliance with Rule 11 (Doc. 21); and the Pro Hac Vice Motion (Doc. 22).  In support, Plaintiff asserts that the filings should be stricken pursuant to the Court's power to control its docket where Non-Party "is not a proper party in this litigation."  Doc. 23 at 5-6.  In response,

3

Non-Party asserts that the Court should deny the Motion to Strike because, among other reasons, it contained a misleading 3.01(g) certification and Non-Party *does* have an interest in the instant case, contrary to Plaintiff's assertions.  *See generally*, Doc. 27.

On the morning of the hearing on these motions, Non-Party filed a Motion to Intervene pursuant to Rule 24(b) "for the limited purpose of opposing plaintiff Intake Breathing Technology, LLC's ("Intake") Motion to Seal (ECF No. 5) and collateral matters (e.g., Intake's Motion to Strike, ECF No. 23)."  Doc. 29 at 1, 6.  In support, Non-Party contends that it "merely seeks access to filings that [Plaintiff] is improperly seeking to seal. Those filings are relevant to [Non-Party's] claims and defenses in the action in which [Non-Party and Plaintiff] are opposing parties, concerning a dispute about the '969 Patent (like here), pending in U.S. District Court for the District of Columbia." *Id.*  at 7.

At the hearing, Plaintiff made an *ore tenus* motion to strike the Motion to Intervene as a further improper pleading and for the fact that it also reveals Defendant's name.  Doc. 30; Doc. 29 at 4 (including an image containing name of Defendant listed in Schedule A).  The Court made its rulings on the record and noted that two of the documents included in the Motion to Seal contain largely the same information included in the publicly filed Complaint.  Accordingly, the Court concluded that minimal redactions would be more appropriate than sealing and recommended that Plaintiff file minimally redacted versions of those documents on the public docket.

After the hearing, Plaintiff filed minimally redacted versions of the motion for a temporary restraining order and the declaration filed in support of that motion.  Docs. 32, 32-1.  Plaintiff

simultaneously filed a sealed, unredacted motion for temporary restraining order that includes as an attachment an unredacted version of the declaration.[2]

## II.    DISCUSSION

The Court heard oral arguments from Plaintiff and Non-Party on the pending motions. The Court will address each in turn.

### *The Pro Hac Vice Motion*

First, the Court denied without prejudice the Pro Hac Vice Motion. "It is well-settled that federal courts have wide discretion in granting admission to practice pro hac vice." *Mike Woods v. On Baldwin Pond*, *LLC*, 2014 WL 12625077, at *1 (M.D. Fla. Nov. 26, 2014) (citation omitted). Nevertheless, "[a] litigant's freedom to hire the lawyer of his choice can be overridden if a court finds that the choice would interfere with the orderly administration of justice." *In re BellSouth Corp.*, 334 F.3d 941, 955 (11th Cir. 2003). Here, Attorney Watkins revealed the Schedule A Defendant's identity and address in response to the Motion to Seal—and importantly, before the Court could rule on the Motion to Seal. Doc. 19 at 5-6. This gratuitous disclosure undermines the purpose of the seal Plaintiff seeks and takes the decision of sealing—particularly as to sealing Schedule A—out of the Court's hands. The Court disfavors such tactics and reminds counsel that the Local Rules require an attorney seeking special admission to "comply with, and remain familiar with, the ethical requirements of The Florida Bar." *See* Local Rule 2.01(c)(5) (noting that attorneys seeking special admission must also abide by Local Rule 2.01(b)(2)(C)'s mandate to remain familiar with the Florida Bar's ethical requirements); *see also* Florida Bar Rule 4-8.4(d) ("prohibit[ing] a lawyer from engaging in conduct that is prejudicial to the administration of

---

[2] Notably, Plaintiff updated the date on the motion for a temporary restraining order. Compare Doc. 5-4 at 26 (signature date of May 20, 2026) with Doc. 32 at 26 (signature date of June 26, 2026).

5

justice[.]").    Further, Non-Party's Florida-based Attorney Paul Bianco has filed a notice of appearance and all other filings in this case—a case where Non-Party has only been permitted by local rule to file documents as a non-party in response to a motion to seal.  *See* Docs. 18, 19, 21, 22, 27, 29.  Any prejudice to Non-Party is minimal.  Accordingly, as explained on the record at the hearing, the motion to appear pro hac vice is due to be denied without prejudice.

### The Motion to Strike

As stated on the record, Plaintiff's Motion to Strike Non-Party's filings is denied.  The filings identified in the Motion to Strike (Doc. 23) pertain to Non-Party's response to the Motion to Seal—a response allowed by Local Rule 1.11(c) ("Within twenty-one days after the filing of the motion to seal, any party or non-party opposing the motion may respond.").  Non-Party's response under Local Rule 1.11(c) is construed as a "non-party" response and not the response of an intervenor because the Court has not granted Non-Party the right to intervene in this case.  The Court considered Non-Party's response in ruling on the Motion to Seal.

### The Motion to Seal

As stated on the record, the Court will grant in part and deny in part the Motion to Seal. The Court does not find good cause to allow the wholesale sealing of the motion for temporary restraining order.  Indeed, almost all the information in the motion for temporary restraining order is in the publicly filed Complaint.  However, as discussed on the record, the Court gave Plaintiff leave to file a minimally redacted version of the motion for temporary restraining order on the public docket and an unredacted version of that motion under seal.  Plaintiff has done so. Doc. 33. As such, the Court finds that Plaintiff has demonstrated good cause to support temporarily sealing the following items: Schedule A, Exhibits 3 and 4 to the Complaint, an unredacted copy of the

6

motion for temporary restraining order, and the declaration in support of the motion for temporary restraining order.  *See* Docs. 5-1, 5-2, 5-3, 33, and 33-1.

### *The Motion to Intervene*

As stated on the record, the Court will deny Non-Party's Motion to Intervene.  Under Federal Rule of Civil Procedure 24, a non-party may intervene in an action—upon a timely motion—pursuant to subsection (a), intervention of right, or subsection (b), permissive intervention.  For intervention of right, a court must permit an individual to intervene if that individual (1) "is given an unconditional right to intervene by a federal statute," or (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a). For permissive intervention, the court may permit an individual to intervene if that individual (1) "is given a conditional right to intervene by a federal statute," or (2) "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b).

Non-Party moves for permissive intervention pursuant to Rule 24(b).  *See generally,* Doc. 29.  And while Non-Party proffers that it has an interest in this action (*Id.* at 2-5) and that "permissive intervention here will not delay or prejudice the parties in this case" (*Id.* at 7), the Court finds that permissive intervention is not warranted here.  *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996) ("If there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention.").  As an initial matter, the relief Non-Party requests in the Motion to Intervene is coterminous with what Non-Party is seeking in its opposition to the Motion

7

to Seal: that the Court not seal the documents at issue in the Motion to Seal. But the Local Rules already permit the limited involvement in this case that Non-Party seeks via intervention—an opportunity to object to the Motion to Seal. And the Court has considered Non-Party's arguments in ruling on the Motion to Seal. Further, the Court notes that the duration of the proposed seal is short—the items will only be sealed until the Court resolves Plaintiff's motion for a temporary restraining order. And the Court is not inclined to allow intervention in this action so that a non-party can circumvent alleged discovery delays in another action in another district. Doc. 29 at 4 ("It will take an indeterminate amount of time before [Non-Party] can obtain copies of the sealed documents in [the D.C.] case through discovery.").

### *The Ore Tenus Motion*

During the hearing, Plaintiff made an *Ore Tenus* Motion to strike the Motion to Intervene because it identifies the entity that Non-Party asserts is the Schedule A Defendant. Doc. 30. The Court will grant alternative relief. Rather than strike, the Court will temporarily seal the document in which Non-Party assertedly named the Defendant. *See* Docs. 19 and 29.

### III.    CONCLUSION

Accordingly, it is **ORDERED** that:

1. The Pro Hac Vice Motion (Doc. 22) is **DENIED without prejudice**;

2. The Motion to Strike (Doc. 23) is **DENIED**;

3. The Motion to Seal (Doc. 5) is:

   a. **GRANTED in part** to the extent that Plaintiff may file under seal Schedule A, Exhibits 3 and 4 to the Complaint, an unredacted copy of the motion for

8

the temporary restraining order, and the declaration in support of the motion for temporary restraining order;[3]

    b.  **DENIED in part** to the extent it seeks further relief;

4.  The Motion to Intervene (Doc. 29) is **DENIED;**

5.  Plaintiff's *Ore Tenus Motion* is **GRANTED in part** to the extent that the Clerk is directed to **SEAL** the Response in Opposition to the Motion to Seal (Doc. 19) and the Motion to Intervene (Doc. 29) and **DENIED** to the extent it seeks any further relief;

6.  The documents sealed by this Order shall remain under seal until the Court rules on Plaintiff's motion for temporary restraining order (Doc. 32) and, unless the Court orders otherwise, if the Court enters an order granting temporary *ex parte* relief, this seal will remain in effect for 30 days after the date of such an order or until the temporary *ex parte* relief has been effectuated, whichever is sooner;

7.  The Clerk is directed to delete Docs. 5-1, 5-2, 5-3, 5-4, and 5-5; and

8.  The Clerk is directed to terminate 9878866 Canada Inc. as an interested party.

**ORDERED** in Orlando, Florida on June 29, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[3] As already discussed, Plaintiff has already filed a redacted motion for temporary restraining order (Doc. 32), a redacted version of a declaration in support of that motion (Doc. 32-1), and an unredacted version of that motion and declaration under seal (Docs. 33, 33-1). To comply with this Order, Plaintiff should file under seal a notice that includes as attachments Schedule A and Exhibits 3 and 4 to the Complaint.